UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| LAG OASIS, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 23-6584 |
| INDEPENDENT SPECIALTY INSURANCE COMPANY, ET AL. | * | SECTION "G" (2) |
| | * | |

**ORDER AND REASONS**

Pending before me is Defendants Independent Specialty Insurance Company's ("ISIC") and Certain Underwriters at Lloyd's and Other Insurers Subscribing to Binding Authority B604510568622021 (collectively, "Defendants") Motion to Opt-Out of the Streamlined Settlement Program. ECF No. 8. Plaintiff LAG Oasis, LLC timely filed an Opposition Memorandum and movant timely filed a Reply Memorandum. ECF Nos. 18, 21. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Defendants' Motion to Opt-Out is GRANTED IN PART as stated herein.

**I.    BACKGROUND**

Plaintiff filed suit against Defendants seeking to recover for losses incurred as a result of Hurricane Ida as well as extra-contractual damages and attorneys' fees, alleging failure to properly adjust the loss and failure to timely pay insurance proceeds. ECF No. 1-1. Defendants seek to opt-out of the Court's Hurricane Ida Case Management Order ("CMO") Streamlined Settlement Program ("SSP") on the basis that Plaintiff is required to arbitrate its claims asserted herein and participation in the SSP will increase the costs and time for resolving the dispute. ECF No 8-1 at

1

1.[1]   Defendants argue that the policy contains a mandatory arbitration provision which is enforceable under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"), 9 U.S.C. §§ 201-09. *Id*. at 2.

In Opposition, Plaintiff argues that there is no prejudice to proceeding through the SSP because Defendants have tendered policy limits and the only remaining issue of extra-contractual damages is not subject to arbitration. ECF No. 18 at 1. Plaintiffs argue that the motion to opt-out should be denied without prejudice until the motion to compel is decided. *Id*. at 8-9. In reply, movant argues that the opposition misreads the CMO regarding discovery and that numerous cases support opting out to proceed with mandatory arbitration. ECF No. 21 at 2-3, 4-5.

## II.    APPLICABLE LAW AND ANALYSIS

On August 26, 2022, this Court adopted CMO No. 1 to govern Hurricane Ida claims. CMO #1 includes provisions for certain mandatory initial disclosures as well as a SSP that requires parties to engage in informal settlement conferences as well as court-ordered mediation. *See* Sections 1, 3. The court adopted the Hurricane Ida CMO to facilitate the speedy and orderly resolution of insurance cases arising out of Hurricane Ida through the SSP.[2] Although parties may seek to opt out of the SSP in Section 3 upon a showing of good cause, the CMO specifically states that the parties may not opt out of the mandatory initial disclosures set forth in Section 1, Exhibit A. *See* Section 3.

Absent a finding that the arbitration clause applies, movants cannot establish good cause to opt-out entirely of the SSP. That precise issue, however, is now pending before Chief Judge Brown. Given the pendency of the motion to compel arbitration, movants have established good cause to opt-out of the SSP only for the limited purpose of allowing them to pursue the Motion to

---

[1] Defendants also filed a Motion to Compel Arbitration. ECF No. 9.
[2] *Okpalobi v. American Nat'l Prop. & Cas. Co*., No. 23-6691, 2024 WL 838464, at *9 (E.D. La. Feb. 28, 2024).

Compel Arbitration. If arbitration is denied or the case otherwise remains on the docket of this Court, it will remain subject to the Hurricane Ida CMO and the SSP. In the interim, movants must proceed to comply with the CMO's mandatory disclosures. Indeed, while the CMO authorizes the parties to opt out of the SSP, it explicitly denies them the ability to opt-out of the initial disclosures.

### III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Defendants' Motion to Opt-Out of the Streamlined Settlement Program (ECF No. 8) is GRANTED IN PART to the extent necessary for Defendants to prosecute their pending motion to compel arbitration. If that motion is denied or the case otherwise remains on the docket, it will remain subject to the Hurricane Ida CMO and the Streamlined Settlement Program.

New Orleans, Louisiana, this 20th day of March, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE